14-473-cr(L)
United States v. Paulino & Wated

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand fifteen.

PRESENT:  GUIDO CALABRESI,
                    REENA RAGGI,
                    RICHARD C. WESLEY,
                              *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                              *Appellee*,

                    v.                                            Nos. 14-473-cr(L)
                                                                           14-854-cr(Con)

CAYETANO PAULINO, FELIPE WATED,
                              *Defendants-Appellants*.[*]

------------------------------------------------------------------------

FOR APPELLANTS:                    B. Alan Seidler, Esq., New York, New York, *for* Cayetano Paulino.

                                                  Neil B. Checkman, Esq., Georgia J. Hinde, Esq., New York, New York, *for* Felipe Wated.

---

[*] The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

FOR APPELLEE:                          Russell Capone, Brian A. Jacobs, Assistant
                                       United States Attorneys, *for* Preet Bharara,
                                       United States Attorney for the Southern District
                                       of New York, New York, New York.

Appeals from judgments of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments entered on January 28, 2014, (as to Paulino) and March 17, 2014, (as to Wated) are AFFIRMED.

Defendant Cayetano Paulino stands convicted after a guilty plea of conspiracy to engage in the unlawful wholesale distribution of prescription drugs and conspiracy to distribute and possess with intent to distribute a controlled substance. See 18 U.S.C. § 371; 21 U.S.C. § 846. Paulino argues on appeal that (1) he received ineffective assistance of counsel in connection with his plea and sentencing; and (2) his within-Guidelines sentence of 78 months' imprisonment is procedurally unreasonable because the district court erred in applying an enhancement for obstruction of justice. Defendant Felipe Wated stands convicted after a guilty plea of bank fraud; conspiracy to commit money laundering; and conspiracy to commit mail fraud, wire fraud, and health care fraud. See 18 U.S.C. §§ 1344, 1349, 1956. Sentenced principally to a below-Guidelines term of 60 months' imprisonment, Wated challenges his sentence as procedurally and substantively unreasonable in light of his cooperation with the government's investigation. We assume the parties' familiarity with the facts and the

record of prior proceedings, which we reference only as necessary to explain our decision to affirm in both cases.

1.     Paulino's Claims of Ineffective Assistance of Counsel

Paulino contends that he was denied effective assistance of counsel at plea and sentencing because, in pleading guilty, he relied on counsel's representation that she would seek "safety valve" consideration for him at sentencing, see U.S.S.G. §§ 2D1.1(b)(17), 5C1.2, which she failed to do. He further faults counsel for failing to oppose an obstruction of justice enhancement at sentencing. We generally will not hear ineffective assistance claims on direct appeal because the record frequently requires further development, a matter better suited to a collateral challenge pursuant to 28 U.S.C. § 2255. See Massaro v. United States, 538 U.S. 500, 504–05 (2003); cf. United States v. Kimber, 777 F.3d 553, 562 (2d Cir. 2015) (addressing ineffective assistance claim on direct appeal where record admits resolution "beyond any doubt" (internal quotation marks omitted)).

The record here strongly indicates that counsel's decision not to pursue safety valve consideration was a strategic choice discussed with Paulino. See Paulino Sentencing Tr. 11–12 (statement by counsel that she had discussed with Paulino possibility that government would use information learned in safety valve proffer to "increase his [G]uidelines exposure," and "we decided . . . that he would not avail himself of the safety valve"); id. at 13 (district court commending counsel for doing "careful analysis that is appropriate in making that decision"). The record further indicates that counsel did oppose an obstruction of justice enhancement in her written

3

sentencing submission to the district court. See Sentencing Submission 3 n.2, United States v. Cayetano, No. 11-CR-1072 (S.D.N.Y. Jan. 28, 2014), ECF No. 820. Counsel on appeal makes no mention of the latter fact but conclusorily disputes the accuracy of trial counsel's representations regarding safety valve relief. This is hardly a convincing showing of ineffectiveness. See Strickland v. Washington, 466 U.S. 668, 689 (1984) (requiring court to indulge "strong presumption" that counsel's challenged conduct "falls within the wide range of reasonable professional assistance" and placing burden on defendant to overcome presumption that challenged action might be considered sound strategy); accord Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011); Jackson v. Conway, 763 F.3d 115, 152–53 (2d Cir. 2014). Nevertheless, because the matter may well require further submissions from Paulino, trial counsel, and prosecutors, we cannot resolve the matter "beyond any doubt." United States v. Kimber, 777 F.3d at 562 (internal quotation marks omitted). We, therefore, decline to hear Paulino's ineffective assistance claim on direct appeal, leaving him to pursue it, if he chooses, in a § 2255 petition.

2.    Reasonableness of Sentences

We review a challenged sentence for "'reasonableness,' 'a particularly deferential form of abuse-of-discretion review' that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." United States v. Broxmeyer, 699 F.3d 265, 278 (2d Cir. 2012) (quoting United States v. Cavera, 550 F.3d 180, 188 & n.5 (2d Cir. 2008) (en banc)).

4

a.    Paulino's Sentence

Paulino argues that his sentence is procedurally unreasonable because the district court erroneously applied an obstruction of justice enhancement to his Guidelines calculation, see U.S.S.G. § 3C1.1, without making the necessary factual finding that Paulino had fled the jurisdiction with the specific intent to avoid sentencing.   See United States v. Cavera, 550 F.3d at 190 (identifying Guidelines miscalculation as procedural error).   The argument is factually inaccurate and merits little discussion.   In applying the challenged enhancement, the district court observed that it was "inherently obstructive of the administration of justice" for Paulino to have "intentionally cut off his ankle bracelets, got[ten] on a bus, got[ten] on a plane and fled [the] country after his plea of guilty, knowing he had to appear here in court for sentence."   Paulino Sentencing Tr. 16.   While the district court thought the obstruction conclusion applied in these circumstances without regard to "specific purpose," it further stated, "[i]f I were required to find a purpose beyond that, I would find that the purpose was to avoid being sentenced . . . ."   Id.   On this record, we easily conclude that the obstruction enhancement was correctly applied, see, e.g., United States v. Carty, 264 F.3d 191, 194–95 (2d Cir. 2001), and that Paulino's procedural challenge is meritless.

b.    Wated's Sentence

Wated challenges his sentence as both procedurally and substantively unreasonable.   He contends that the district court committed procedural error: (a) by failing to consider § 5K1.1(a) factors governing the sentencing of cooperating defendants and failing to give due weight to his assistance; (b) by concluding that Wated had a

5

history of cooperation in prior cases, without making formal factual findings and without sufficient support in the record; and (c) by sentencing Wated on the basis of an unauthorized consideration, namely, the need to deter criminal conduct by repeat cooperators. He also contends that a sentence of 60 months' incarceration is substantively unreasonable in light of his substantial assistance to the government.

Because Wated did not raise any of his procedural objections to the district court, we review only for plain error, see United States v. Villafuerte, 502 F.3d 204, 207 (2d Cir. 2007), a standard that requires him to show (1) error, (2) that is clear or obvious, (3) affecting substantial rights, and (4) calling into question the fairness, integrity, or public reputation of judicial proceedings, see United States v. Marcus, 560 U.S. 258, 262 (2010). We identify no procedural error—much less plain error—in this case.

First, counsel for Wated and the government discussed the § 5K1.1(a) factors at length both in their submissions to the court and at the sentencing hearing. Absent some indication to the contrary, "we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors. We do not require robotic incantations that the district court has considered each of the [relevant] factors." United States v. Wagner-Dano, 679 F.3d 83, 89 (2d Cir. 2012) (internal quotation marks, citations, and alterations omitted). Given the discussion immediately preceding imposition of sentence, we have no reason to conclude that the district court failed to consider the appropriate factors. Further, Wated's argument that the district court gave too little weight to the extent of his assistance when balancing the § 5K1.1 and § 3553(a) factors is not cognizable on appeal. See United States v. Cavera, 550 F.3d at 191; United States

6

v. Verkhoglyad, 516 F.3d 122, 131 (2d Cir. 2008) ("[T]he weight to be afforded any [relevant] factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable." (internal quotation marks omitted)).

Second, Wated is foreclosed from challenging the district court's adoption of the presentence report's observation that he provided assistance to the government in connection with his prior convictions, as counsel specifically conceded that fact at the hearing. See Wated Sentencing Tr. 9 ("I understand and Mr. Wated understands that this court is rightfully troubled by the fact that Mr. Wated has, in the past, committed crimes, cooperated with the government and [been] given the benefit of that cooperation, and then committed crimes again in the future."). Wated cannot now challenge that determination on appeal. See Fed. R. Crim. P. 32(i)(3)(A); United States v. Jass, 569 F.3d 47, 66 (2d Cir. 2009).

Third, Wated provides no support for his assertion that a district court may not consider the need to deter a defendant from thinking that he can repeatedly violate the law with impunity, so long as he provides substantial assistance to the government when caught. We reject this argument out of hand; individual deterrence is one of the primary goals of sentencing. See 18 U.S.C. § 3553(a)(2)(A), (B) (listing need to "promote respect for the law" and "afford adequate deterrence to criminal conduct" among purposes to be considered in sentencing). Persistent criminality in the face of past cooperation consideration reasonably signals to a district court that a particular defendant's cooperation cannot be understood to demonstrate his abandonment of crime

7

and that deterrence remains a serious concern. Thus, we identify no procedural error in this regard.

To the extent Wated argues that his sentence is substantively unreasonable, he "bears a heavy burden because our review of a sentence for substantive reasonableness is particularly deferential." United States v. Broxmeyer, 699 F.3d at 289. When reviewing a non-Guidelines sentence, we must give due deference to the district court's decision that the relevant sentencing factors, as a whole, justify the extent of the variance. See Gall v. United States, 552 U.S. 38, 51 (2007). We "do not consider what weight we would ourselves have given a particular factor. Rather, we consider whether the factor, as explained by the district court, can bear the weight assigned it under the totality of circumstances in the case." United States v. Cavera, 550 F.3d at 191 (citation omitted). We will set aside a sentence on substantive grounds "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." Id. at 189 (internal quotation marks omitted); see United States v. Jones, 531 F.3d 163, 172 (2d Cir. 2008) ("[D]istrict courts enjoy considerable discretion in identifying the grounds that can justify a non-Guidelines sentence.").

That is not this case. Wated's participation in the conspiracies was extensive—he laundered approximately $4 million in prescription drug proceeds and directly participated in several in-person transactions. His history of criminal conduct despite past cooperation consideration raised legitimate deterrence concerns. Thus, although Wated's assistance to the government was both substantial and provided at considerable risk to himself and his family, we cannot conclude that a below-Guidelines

8

sentence of 60 months' imprisonment is so "shockingly high, shockingly low, or otherwise unsupportable as a matter of law" as to fall outside the range of permissible choices available to the sentencing court.   United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

We reject Wated's reasonableness challenge to his sentence as meritless.

3.    Conclusion

We have considered defendants' remaining arguments, and we conclude that they are without merit.    Accordingly, the judgments of conviction and sentences are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

9